**SO ORDERED: April 25, 2007.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| JOHN TANDY and | ) | CASE NO. 05-95125-BHL-13 |
| BRENDA CAROL TANDY, | ) | |
|     Debtors. | ) | |
| _____ | ) | |
| JOSEPH M. BLACK, JR. in his | ) | |
| capacity as Chapter 13 Trustee, | ) | |
|     Plaintiff, | ) | |
| v. | ) | ADV. NO. 06-59070 |
| | ) | |
| NOVASTAR MORTGAGE, INC., | ) | |
|     Defendant. | ) | |

**ORDER**

This matter is before the Court on the **Plaintiff's Motion for Summary Judgment** which was filed on January 12, 2007. The **Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment** was filed on March 20, 2007. The Court now makes the following Findings of Fact:

    1.    Debtors filed their original Chapter 13 plan on November 28, 2005, showing NovaStar as a creditor secured by a first mortgage lien on Debtors' residential real estate.

2. Debtors filed an amended Chapter 13 plan on March 13, 2006, also showing NovaStar as a creditor secured by a first mortgage lien on Debtors' residential real estate. NovaStar objected to confirmation of Debtors' First Amended Plan.

3. Debtors filed a Second Amended Chapter 13 Plan on June 12, 2006, also showing NovaStar as a creditor secured by a first mortgage lien on Debtors' residential real estate.

4. Debtors' Second Amended Chapter 13 Plan was confirmed by the Court on July 19, 2006.

5. NovaStar filed a Motion for Relief from Stay and Abandonment as to Debtors' residential real estate on September 22, 2006.

6. The Trustee objected to NovaStar's Motion for Relief from Stay and Abandonment on September 29, 2006, on the grounds that NovaStar's mortgage lien could be avoided by the Trustee pursuant to his "strong arm powers" under 11 U.S.C. § 544, based upon a defect in the acknowledgment clause on NovaStar's mortgage.

7. The Trustee subsequently filed the above-captioned adversary proceeding pursuant to 11 U.S.C. § 544 seeking to avoid the mortgage lien of NovaStar, alleging that the acknowledgment clause fails to include the day, month, and year that the mortgage was executed before the notary public, and is, therefore, not in substantial conformity with I.C. § 32-21-2-7, which provides as follows:

> Form of acknowledgement. — The following or any other form substantially the same is a good or sufficient form of acknowledgment of a deed or mortgage:
>
>> "Before me, E.F. (Judge or justice, as the case may be) this ____ day of _____, A.B. acknowledged the execution of the annexed deed, (or mortgage, as the case may be.)"

8. I.C. § 32-21-2-3 provides as follows:

> "Requirements for recording. — For a conveyance, a mortgage, or an instrument of writing to be recorded, it must be:
> (1) acknowledged by the grantor; or
> (2) proved before a :
> > (A) judge;
> > (B) clerk of a court of record;
> > ©) county auditor;
> > (D) county recorder
> > (E) notary public;
> > . . .
> > (K) person authorized under IC 2-3-4-1.

### Discussion

The Trustee seeks to avoid NovaStar's mortgage because the Notary's Certificate does not include the date that the Debtors appeared before her in the space provided in the acknowledgment form, specifically:

> "Before me the undersigned, a Notary Public for . . . Jefferson County, State of Indiana, personally appeared John Tandy and Brenda Tandy, husband and wife, . . . and acknowledged the execution of this instrument this ___ day of ____."

Whether such an omission constitutes the type of defect which would render the mortgage invalid is a question of state law. The Trustee contends that a defective acknowledgment does not provide constructive notice to a bona fide purchaser under Indiana law and is therefore subject to avoidance. NovaStar asserts that the mortgage is in full compliance with applicable law.

In interpreting the state law question, both parties cite the cases of *In re Baldwin*, 135 B.R. 586 (Bankr.N.D.Ind. 1991) and *In re Stubbs*, 330 B.R. 717 (N.D.Ind. 2005). In both of the foregoing cases, the courts noted that a proper acknowledgment, under Indiana law, must provide the identity of the acknowledgers and state that they are the same parties that executed the underlying instrument. *Baldwin*, 135 B.R. 586, 596; *Stubbs*, 330 B.R. 717, 727. The later case, in fact, goes on to state that "[t]hat is the function of an acknowledgment: and acknowledgment is nothing more, *but nothing*

*less*, than the assurance on the face of the transactional record that a person who is represented by that record to have affected that record *actually did personally and voluntarily* execute a document upon which the chain of assurance depends." *Id.* at 730. The Seventh Circuit has recently weighed in to note:

> . . . Ind.Code § 32-21-2-3 is simple as can be. Under this statute, a mortgage is eligible to be recorded if it is "(1) acknowledged by the grantor or (2) proved before a (A) judge . . . [or] (E) notary public. . . ." The statute does not say how mortgages are to be "acknowledged" or "proved"; this is apparently left to private choice. Ind.Code § 32-21-2-7 offers some samples but does not require their use-and the sample forms are skimpier than the one these parties devised. . . . [T]he notary tells us that the signatures are genuine. We have no doubt that Indiana's courts would treat this as an effective mortgage.

*Fifth Third Bank, Indiana v. Edgar County Bank & Trust,* 2007 WL 765894, *3 (2007). In that case, the Court concluded that the mortgage was properly acknowledged because, although the signature did not specify the corporate capacity in which the party was signing, the signature was adequately proved as required by statute.

Having reviewed the cases set forth herein, the Court is satisfied that the acknowledgment used by the Defendant, although undated, sufficiently established that the grantors were, in fact, the named signatories on the instrument. Although the sample form of acknowledgment set forth in the statute does include a date line, this Court finds that the absence of such date does not invalidate the acknowledgment inasmuch as the date is not a requirement for recording.

For the foregoing reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be, and accordingly is, DENIED. Judgment is entered in favor of the Defendant on the Complaint herein.

###

Distribution:

David C. Ollis
Law Office of David C. Ollis
4246 Valley Terrace Drive
New Albany, IN 47150

Mark R. Galliher
Doyle & Friedmeyer, PC
135 N Pennsylvania St Ste 2000
Indianapolis, IN 46204

U.S. Trustee
101 W. Ohio St.. Ste. 1000
Indianapolis, IN 46204